UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

MICHAEL SIMPSON, :
          Petitioner, :
           :
     v. : No. 2:16-cv-01810
           :
MARK GARMON; THE DISTRICT ATTORNEY :
OF PHILADELPHIA COUNTY; and THE :
PENNSYLVANIA ATTORNEY GENERAL, :
          Respondents. :

**O P I N I O N**
Report and Recommendation, ECF No. 20 – Adopted in Part

Joseph F. Leeson, Jr.                                                                                April 5, 2018
United States District Judge

## I.     INTRODUCTION

In 2016, Petitioner Michael Simpson filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his 2007 conviction in the Philadelphia County Court of Common Pleas of attempted murder, aggravated assault, firearms not to be carried without a license, and other related offenses. Simpson previously filed a § 2254 petition raising claims arising from this conviction, which was dismissed as time-barred.[1] He asserts that the instant petition is not successive, however, because when the state court subsequently issued an order giving him credit for time served, this amounted to a new judgment.[2] Magistrate Judge Marilyn Heffley

---

[1] "A dismissal based upon the statute of limitations is considered an adjudication on the merits for purposes of determining whether a subsequent petition is successive under the AEDPA." *Fontanez v. O'Brien*, No. 14-6160, 2015 U.S. Dist. LEXIS 72858, at *1 n.1 (E.D. Pa. June 4, 2015) (citing *Villanueva v. United States*, 346 F.3d 55, 58 (2d Cir. 2003); *Nash v. Beard*, 2006 U.S. Dist. LEXIS 80218 (M.D. Pa. 2006)).

[2] Simpson attaches a copy of the state court's order to his habeas petition. *See* ECF No. 1. The order begins with the typed text "AND NOW, this 29th day of October, 2010," gives Simpson time-served "CREDIT FOR THE PERIOD OF 11/9/2005 THRU 1/24/2006," but then

issued a Report and Recommendation ("R&R") concluding that the instant habeas petition is a second or successive petition because the state court's initial sentence was not vacated, only modified, by the state court's order regarding time-served credit and therefore the court's order did not constitute a new judgment.  Because other states treat such orders as creating a new judgment, however, the Magistrate Judge recommends that the habeas petition be transferred to the United States Court of Appeals for the Third Circuit pursuant to 28 U.S.C. § 1631 rather than be dismissed.  Simpson has filed partial objections to the R&R.  After de novo review, this Court overrules the objections and adopts the findings and conclusions in the R&R that the habeas petition is successive.  But, because the habeas claims are procedurally defaulted, this Court does not adopt the recommendation to transfer the case to the Third Circuit Court of Appeals pursuant to § 1631.  The habeas petition is dismissed.

## II. STANDARDS OF REVIEW

### A. Report and Recommendation with Objections

When objections to a report and recommendation have been filed under 28 U.S.C. § 636(b)(1)(C), the district court must make a de novo review of those portions of the report to which specific objections are made.  28 U.S.C. § 636(b)(1)(C); *Sample v. Diecks*, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989).  "District Courts, however, are not required to make any separate findings or conclusions when reviewing a Magistrate Judge's recommendation de novo under 28 U.S.C. § 636(b)."  *Hill v. Barnacle*, 655 F. App'x. 142, 147 (3d Cir. 2016).  The "court may accept, reject, or modify, in whole or in part, the findings and recommendations" contained in the report.  28 U.S.C. § 636(b)(1)(C).

---

has the handwritten date of "3-14-16" next to the judge's signature.  *See id.* (emphasis in original).  The order is reflected on the state court's docket on October 29, 2010.  *See Commonwealth v. Simpson*, CP-51-CR-1106411-2005 (Phila. C.P. filed Nov. 30, 2005).

B.     **Successive Habeas Petitions**

"The Antiterrorism and Effective Death Penalty Act of 1996 (commonly known as 'AEDPA,' and codified as 28 U.S.C. §§ 2241-2266) deals with the right of all persons in state custody, or in federal custody, to file a petition in a federal court seeking the issuance of a writ of habeas corpus." *Strother v. Nardolillo*, No. 07-cv-2165, 2007 U.S. Dist. LEXIS 61127, at *1 (E.D. Pa. Aug. 20, 2007). A person in custody pursuant to the judgment of a state court may challenge the validity or execution of his sentence pursuant to 28 U.S.C. § 2254 "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Before a second or successive § 2254 petition may be filed, the petitioner must first "move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). Where a petitioner fails to obtain prior authorization from the court of appeals, the district court lacks jurisdiction. *See Pelullo v. United States*, 487 Fed. App'x 1, 2 n.2 (3d Cir. 2012). "When a second or successive habeas petition is erroneously filed in a district court without the permission of a court of appeals, the district court's only option is to dismiss the petition or transfer it to the court of appeals pursuant to 28 U.S.C. § 1631." *Robinson v. Johnson*, 313 F.3d 128, 139 (3d Cir. 2002), *cert. denied* 540 U.S. 826 (2003).

III.    **ANALYSIS**

This Court has conducted de novo review and overrules Simpson's partial objections to the R&R. Magistrate Judge Heffley thoroughly reviewed the issues presented in this case, and succinctly analyzed the facts and applicable legal authority. The findings and conclusions in the R&R are adopted and incorporated herein. This Court writes separately only to address

Simpson's objections and to explain why it does not adopt the Magistrate Judge's recommendation to transfer the petition to the Third Circuit Court of Appeals.

In his objections, Simpson asserts that the Magistrate Judge failed to mention his claim that "it is the written order that controls the judgment." Objs. ¶ 6, ECF No. 22 (citing, e.g., *Commonwealth v. Foster*, 324 A.2d 538 (Pa. Super. 1974)). However, the cases he cites have no bearing on whether Simpson's petition is second or successive. Rather, these cases address varying issues, such as conflicts between an oral pronouncement and written sentence, and double jeopardy. The objection is overruled.

Next, Simpson asserts that since the R&R was issued one of the cases the Magistrate Judge relied upon, *Williams v. Lamas*, No. 13-1171, 2014 U.S. Dist. LEXIS 63178 (W.D. Pa. Apr. 14, 2014), has had subsequent litigation and the state courts' rulings now support Simpson's argument that he received a new sentence on March 14, 2016. *See Commonwealth v. Williams*, 136 A.3d 1041 (Pa. Super. 2016) (finding that the "the trial court imposed a new sentence on June 26, 2013," when it disposed of the defendant's claims for credit for time served). Despite the Superior Court's subsequent decision in *Williams*, however, the Pennsylvania Supreme Court's decision in *Klein*,[3] which the Magistrate Judge relied upon, has not been overturned. The other cases cited in the R&R also remain persuasive.

Moreover, assuming arguendo that *Williams* supports Simpson's assertion that the order awarding credit for time served resulted in a new judgment, his habeas claims would nevertheless be dismissed because they are procedurally defaulted.[4] "In the case of a person

---

[3] *Commonwealth v. Klein*, 781 A.2d 1133 (Pa. 2001).
[4] This Court also questions whether the allegedly new sentence was actually entered on October 29, 2010, when the order awarding credit for time served is dated and appeared on the state court's docket. If Simpson received credit for time served on October 29, 2010, the 2016 order did not have any effect on his sentence and could not have amounted to a new judgment

incarcerated from a judgment of a state court, a prerequisite to federal habeas review is that the petitioner have exhausted the remedies available to him in the state courts to the extent such remedies exist and are effective." *Werts v. Vaughn*, 228 F.3d 178, 192 (3d Cir. 2000). "A habeas petitioner who has defaulted his federal claims in state court meets the technical requirements for exhaustion; there are no state remedies any longer 'available' to him." *Coleman v. Thompson*, 501 U.S. 722, 730 (1991). But, "federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Id.* at 750; *United States v. Frady*, 456 U.S. 152, 167-68 (1982).

Under Pennsylvania law, a defendant has thirty days to file a direct appeal with the Superior Court, *see* Pa. R.A.P. 903(a), and one year from the date sentence becomes final to file a petition under Pennsylvania's Post Conviction Relief Act, 42 Pa. Cons. Stat. Ann. §§ 9541-9551 ("PCRA"). Simpson did not seek either direct or collateral review in the state courts after March 14, 2016. Rather, he proceeded directly to federal court and filed the instant habeas petition on April 14, 2016. The time for seeking review in the state courts has now expired, and Simpson does not allege either cause or prejudice for his procedural default. Therefore, assuming arguendo that the state court's order constituted a new sentence on March 14, 2016, the claims in the habeas petition are dismissed as procedurally defaulted.[5]

---

and his habeas petition is untimely. *See* 28 U.S.C. § 2244(d)(1) (establishing a one-year period of limitation for a person in custody pursuant to the judgment of a State to file an application for writ of habeas corpus in federal court). Although the state court's order inexplicably also includes the handwritten date of "3-14-16" and was purportedly not signed until this date, no order was entered on the docket in March 2016.

[5] Simpson's habeas petition does not raise claims related to the allegedly new sentence, but instead alleges a violation of *Apprendi v. New Jersey*, 530 U.S. 466 (2000), based on the jury's

Because the habeas claims are procedurally defaulted, this Court finds that it is not in the "interest of justice" to transfer the petition to the Third Circuit Court of Appeals pursuant to 28 U.S.C. § 1631.[6] *See Saylor v. Rozum*, No. 14-2466, 2014 U.S. Dist. LEXIS 156270, at *8-9 (finding that it would not be in the interest of justice to transfer the petition to the Third Circuit Court of Appeals as an application for leave to file a second or successive petition because "the claim remains procedurally defaulted and Petitioner has not established any exception to excuse the default"), *adopted by* 2014 U.S. Dist. LEXIS 155315, at *7 (E.D. Pa. Oct. 31, 2014).

For these same reasons, a certificate of appealability ("COA") is denied.[7] While jurists of reason might find it debatable whether the petition is successive, they would not find it debatable that the claims are procedurally defaulted. *See Murphy v. Superintendent Albion SCI*,

---

verdict of July 27, 2007, and challenges the ineffectiveness of counsel during pre-trial and trial proceedings. *See* ECF Nos. 1, 5-6, 17. While he therefore could have exhausted these claims in motions previously before the state courts, he did not. Simpson's direct appeal and PCRA petition were each dismissed by the state courts on procedural grounds. Because he has failed to show cause and prejudice for defaulting his claims and has failed to show that the failure to consider his claims will result in a miscarriage of justice, habeas review is barred. *See Coleman v. Thompson*, 501 U.S. 722, 750 (1991) ("In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice."). *See also McQuiggin v. Perkins*, 569 U.S. 383, 394-95 (2013) ("The miscarriage of justice exception, we underscore, applies to a severely confined category: cases in which new evidence shows it is more likely than not that no reasonable juror would have convicted [the petitioner]" (internal quotations omitted)).

[6] 28 U.S.C. § 1631 (providing that if a "court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed or noticed").

[7] "Under the Antiterrorism and Effective Death Penalty Act of 1996 ('AEDPA'), a 'circuit justice or judge' may issue a COA only if the petitioner 'has made a substantial showing of the denial of a constitutional right.'" *Tomlin v. Britton*, 448 F. App'x 224, 227 (3d Cir. 2011) (citing 28 U.S.C. § 2253(c)). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

No. 17-1391, 2017 U.S. App. LEXIS 16948, at *1 (3d Cir. 2017) ("Jurists of reason would not find it debatable that the District Court was correct in its ruling that Appellant's habeas corpus claim is barred due to a procedural default."); *Snee v. Barone*, No. 09-147E, 2012 U.S. Dist. LEXIS 50180, at *16 (recommending that a COA be denied because jurists of reason would not find it debatable that the petition is a successive § 2254 petition "or, alternatively, is procedurally defaulted"), *adopted by* 2012 U.S. Dist. LEXIS 50182, at *2 (W.D. Pa. Apr. 10, 2012).

## IV.  CONCLUSION

After de novo review, this Court agrees with the Magistrate Judge that the habeas petition is a second or successive petition filed without leave of the Court of Appeals. Simpson's objections to the R&R are overruled. This Court adopts the findings and conclusions in the R&R, but because the habeas claims are procedurally defaulted it does not adopt the recommendation to transfer the case to the Third Circuit Court of Appeals. Rather, the habeas petition is dismissed.

A separate Order follows.

BY THE COURT:

*/s/ Joseph F. Leeson, Jr.*
JOSEPH F. LEESON, JR.
United States District Judge